NO. 07-03-0113-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 11, 2003


______________________________



DAVID LLOYD CECIL
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 45514-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ. Appellant David Lloyd Cecil appeals his conviction of aggravated sexual assault. 
His court-appointed counsel has moved to withdraw after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing she
has searched the record and found no arguable grounds for reversal. The motion and brief
indicate that appellant was informed of his rights to review the appellate record and file his
own brief. So too did we inform appellant that any pro se response or brief he cared to file
had to be filed by June 30, 2003. To date, appellant has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal which concerned the denial of appellant's motion to suppress 
his statement because it was involuntary. The statement was taken at a mental health
facility (the Pavilion) after appellant had told his wife and his daughter that he had been
having inappropriate sexual contact with his granddaughter and had also acted in a
manner which caused his wife to fear he was suicidal. However, counsel explained that
there is nothing in the record to indicate that he was threatened or promised anything by
law enforcement officers in return for his confession or that his statement was anything
other than voluntary. There was also a determination that he was competent to stand trial. 
 So too have we conducted an independent review of the record to determine
whether there existed reversible error and found none. See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). A
hearing was held outside the presence of the jury to determine that the child victim could
testify via closed circuit television, and there was evidence that the procedure was
necessary to protect the welfare of the child, the child would be traumatized by facing her
grandfather in the courtroom as opposed to the courtroom generally, and the emotional
distress suffered by the child would be more than mere nervousness. See Dufrene v.
State, 853 S.W.2d 86, 90 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). There were
also no objections to the jury charge, and we have found no egregious harm. Further, the
punishment assessed was within that prescribed by law, and the law permits the
cumulation of appellant's sentence in this cause with that for another offense arising out
of the same criminal episode. Tex. Pen. Code Ann. §3.03(b)(2)(A) (Vernon 2003). 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 


 Brian Quinn 

 Justice 


Do not publish. 



lign: center">NO. 2007-415,574; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Donald R. Pease, was convicted by a jury
of aggravated robbery with an affirmative finding on use of a deadly weapon and
sentenced to twenty-eight years confinement. In presenting this appeal, counsel has filed
an Anders


 brief in support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling
authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the
requirements of Anders and In re Schulman by (1) providing a copy of the brief to
Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and
(3) informing him of his right to file a pro se petition for discretionary review. In re
Schulman, 252 S.W.3d at 408.


 By letter, this Court granted Appellant thirty days in which
to exercise his right to file a response to counsel’s brief, should he be so inclined. Id. at
n.23. Appellant did not file a response. Neither did the State favor us with a brief.
 
Potential Issues
          By the Anders brief, counsel raises three potential issues, to-wit: (1) the evidence
was legally insufficient to support Appellant’s conviction; (2) the evidence was factually
insufficient to support Appellant’s conviction; and (3) the non-accomplice evidence was
insufficient to corroborate the testimony of Clifford Johnson, Appellant’s co-actor. Counsel
then explains why the issues have no merit. 
           We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record
and counsel’s brief, we agree with counsel that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.