NO. 07-03-0114-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 11, 2003


______________________________



DAVID LLOYD CECIL
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 45515-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant David Lloyd Cecil appeals his conviction of aggravated sexual assault. 
His court-appointed counsel has moved to withdraw after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing she
has searched the record and found no arguable grounds for reversal. The motion and brief
indicate that appellant was informed of his rights to review the appellate record and file his
own brief. So too did we inform appellant that any pro se response or brief he cared to file 
had to be filed by June 30, 2003. To date, appellant has filed no pro se response or brief.

 In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal which concerned the denial of appellant's motion to suppress
his statement because it was involuntary. The statement was taken at a mental health
facility (the Pavilion) after appellant had told his wife and his daughter that he had been
having inappropriate sexual contact with his granddaughter and had also acted in a
manner which caused his wife to fear he was suicidal. However, counsel explained that
there is nothing in the record to indicate that he was threatened or promised anything by
law enforcement officers in return for his confession or that his statement was anything
other than voluntary. There was also a determination that he was competent to stand trial.

 So too have we conducted an independent review of the record to determine
whether there existed reversible error and found none. See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). A
hearing was held outside the presence of the jury to determine that the child victim could
testify via closed circuit television, and there was evidence that the procedure was
necessary to protect the welfare of the child, the child would be traumatized by facing her
grandfather in the courtroom as opposed to the courtroom generally, and the emotional
distress suffered by the child would be more than mere nervousness. See Dufrene v.
State, 853 S.W.2d 86, 90 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). There were
also no objections to the jury charge, and we have found no egregious harm. Further, the
punishment assessed was within that prescribed by law, and the law permits the
cumulation of appellant's sentence in this cause with that for another offense arising out
of the same criminal episode. Tex. Pen. Code Ann. §3.03(b)(2)(A) (Vernon 2003).

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed. 


 Brian Quinn

 Justice


Do not publish. 



rthermore, the standard of review on appeal is
the same for both direct and circumstantial evidence cases. Id.

 A person commits the offense of money laundering if he knowingly acquires or
maintains an interest in, receives, conceals, possesses, transfers, or transports the
proceeds of criminal activity. See Tex. Pen. Code Ann. § 34.02(a)(1) (Vernon 2005). 
"Criminal activity" means any offense classified as a felony under Texas or federal law or
any offense under the laws of another state punishable by confinement for more than one
year. § 34.01(1). In the case before us, the indictment alleged appellant knowingly
possessed proceeds of criminal activity, to-wit: possession or delivery of a controlled
substance or marijuana, and that the value of said funds was $3,000 or more but less than
$20,000. 

Analysis


 At the time of the detention, appellant exhibited an extreme state of nervousness
before the request for permission to search the vehicle was granted. Further, the record
shows that appellant had, in his possession, currency of the value of $6,100. Officers
testified that possession of marijuana with a street value of $6,100 would be a felony. 
Appellant's explanation for possession of the cash was that he had just sold a vehicle, yet
when asked, appellant could not provide documentation of the sale. Additionally, two
officers testified that the currency emitted a strong odor of marijuana and was packaged,
based upon their experience and training, in a manner consistent with proceeds of a drug
transaction. A K-9 officer testified that the drug dog used in this case was trained to alert
to the presence of several drugs including marijuana, and that the dog did, in fact, alert on
the currency. 

 Although, all of the evidence regarding the currency's origin was circumstantial, that
evidence is sufficient to prove an actor guilty of the offense alleged. Guevara, 152 S.W.3d
at 49. Based upon this evidence we cannot say that a rational jury could not have found
the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at
319; Ross, 133 S.W.3d at 620. Accordingly, appellant's issue is overruled.

Conclusion


 Having overruled appellant's sole issue, the judgment of the trial court is affirmed.


 Mackey K. Hancock

 Justice





Do not publish.