NO. 07-03-0113-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2003
_____

DAVID LLOYD CECIL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 45514-E; HON. ABE LOPEZ, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant David Lloyd Cecil appeals his conviction of aggravated sexual assault. His court-appointed counsel has moved to withdraw after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing she has searched the record and found no arguable grounds for reversal. The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by June 30, 2003. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed one potential area for appeal which concerned the denial of appellant's motion to suppress his statement because it was involuntary. The statement was taken at a mental health facility (the Pavilion) after appellant had told his wife and his daughter that he had been having inappropriate sexual contact with his granddaughter and had also acted in a manner which caused his wife to fear he was suicidal. However, counsel explained that there is nothing in the record to indicate that he was threatened or promised anything by law enforcement officers in return for his confession or that his statement was anything other than voluntary. There was also a determination that he was competent to stand trial.

So too have we conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). A hearing was held outside the presence of the jury to determine that the child victim could testify via closed circuit television, and there was evidence that the procedure was necessary to protect the welfare of the child, the child would be traumatized by facing her grandfather in the courtroom as opposed to the courtroom generally, and the emotional distress suffered by the child would be more than mere nervousness. *See Dufrene v. State,* 853 S.W.2d 86, 90 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). There were also no objections to the jury charge, and we have found no egregious harm. Further, the punishment assessed was within that prescribed by law, and the law permits the cumulation of appellant's sentence in this cause with that for another offense arising out of the same criminal episode. TEX. PEN. CODE ANN. §3.03(b)(2)(A) (Vernon 2003).

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

3