IN THE MATTER OF A.L.L.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-047-CV

IN THE MATTER OF A.L.L. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant A.L.L. appeals from his adjudication of four counts of aggravated sexual assault.  In three issues, appellant challenges the legal and factual sufficiency of the evidence and contends that it is improper to apply the criminal factual sufficiency standard of review to juvenile appeals.  We affirm.

In appellant’s second issue, he contends that it is improper to apply the criminal factual sufficiency standard of review to juvenile appeals because the Supreme Court of Texas has rejected the civil factual sufficiency review in termination cases.  Adjudications of delinquency in juvenile cases are based on the criminal standard of proof—beyond a reasonable doubt.  
See
 Tex. Fam. Code Ann. 
§ 54.03(f) (Vernon Supp. 2004); 
In re M.C.L.
, 110 S.W.3d 591, 594 (Tex. App.—Austin 2003, no pet.).  Thus, until the Texas Supreme Court decides differently, this court will continue to apply the criminal factual sufficiency standard of review to appeals from juvenile adjudications.  
See In re J.D.P.
, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.);
 see also M.C.L.
, 110 S.W.3d at 594;
 In re J.L.H.
, 58 S.W.3d 242, 245 (Tex. App.—El Paso 2001, no pet.); 
In re G.A.T.
, 16 S.W.3d 818, 828 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. denied).  We overrule issue two. In appellant’s first and third issues, he challenges the legal and factual sufficiency of the evidence to sustain his adjudication for aggravated sexual assault.  The standards of review for legal and factual sufficiency are well established.  
See Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001);
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
  Appellant was charged with four counts of aggravated sexual assault.  Specifically, the State alleged that on or about March 15, 2002, appellant intentionally or knowingly caused the sexual organ of J.L., a child younger than fourteen years of age who was not appellant’s spouse, to contact appellant’s mouth and anus and that appellant intentionally or knowingly caused the anus and mouth of J.L. to contact appellant’s sexual organ.  

J.L. testified at trial that when he was six years old, appellant stuck his “weenie” in his butt and that he stuck his “weenie” in appellant’s butt.  J.L. also testified that appellant stuck his “weenie” in J.L.’s mouth and vice versa. This conduct occurred “about three times.”  The evidence supports the State’s allegation that the events occurred in March 2002, in the pool outside J.L.’s house and in a bedroom in J.L.’s house; J.L. was six years old in March 2002.  J.L. made an outcry in August 2002.  Because the testimony of a child victim is sufficient to support a conviction for aggravated sexual assault of a child, the evidence was legally sufficient to sustain the trial court’s adjudication of appellant for aggravated sexual assault as alleged in the State’s petition.  
See Dufrene v. State
, 853 S.W.2d 86, 90 (Tex. App.—Houston [14
th
 Dist.] 1993, pet. ref’d).  We overrule appellant’s first issue.

The evidence to the contrary comes mainly from appellant’s testimony.  He denied committing the acts and testified that he and J.L. were never alone in the pool for the conduct to have occurred and that when they were in the bedroom they were either not alone or the door was open and appellant’s mother periodically entered the room.  Appellant believed that J.L. made up the accusations because of J.L.’s and his sister’s behavior; they allegedly would go around the house kissing on each other’s privates.  There was also no physical evidence of any sexual abuse.  Finally, although some testimonial evidence and the documentary evidence of J.L.’s outcry indicate that the events occurred in March 2001, other evidence shows that they occurred in March 2002. 
 J.L. also testified that he was six years old when the events occurred, which supports the allegations that the events occurred in March 2002 and not in 2001.
(footnote: 2)  

Although appellant’s testimony contradicts J.L.’s testimony and other evidence supporting the adjudication, the evidence is not so overwhelming as to outweigh the trial court’s adverse finding.  
See Johnson
, 23 S.W.3d at 11.  As the trier of fact, the trial court was the sole judge of the credibility of the witnesses and was free to accept or reject all or part of appellant’s testimony.  
Jones v. State
, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 832 (1997).  Accordingly, we hold the evidence was factually sufficient to support the adjudication for aggravated sexual assault as alleged in the State’s petition.  We overrule appellant’s third issue.

We affirm the trial court’s judgment.
 

PER CURIAM

PANEL F: SAM J. DAY, J. (Retired, Sitting by Assignment); LIVINGSTON 

and DAUPHINOT, JJ.

DELIVERED:  December 18, 2003.

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Even if the evidence did not conclusively establish that the offenses occurred in March 2002, the law is settled that when a charging instrument alleges that an offense occurred “on or about” a certain date, the State is not required to prove that the offense occurred on the specific date alleged but only that the offense occurred prior to the presentment of the charging instrument and within the limitations period.  
See Sledge v. State
, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  Both dates, March 2001 and 2002, are before the State’s petition was filed (October 1, 2002) and are within the applicable statute of limitations.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 12.01(5)(B) (Vernon Supp. 2004) (stating statute of limitations for aggravated sexual assault is “ten years from the 18
th
 birthday of the victim of the offense”).