COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-047-CV
 
IN THE MATTER OF A.L.L. 
 
------------
 
FROM THE 
323RD DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION 
 


------------
        Appellant A.L.L. appeals from his adjudication of four counts of 
aggravated sexual assault. In three issues, appellant challenges the legal and 
factual sufficiency of the evidence and contends that it is improper to apply the 
criminal factual sufficiency standard of review to juvenile appeals. We affirm. 
        In appellant’s second issue, he contends that it is improper to apply the 
criminal factual sufficiency standard of review to juvenile appeals because the 
Supreme Court of Texas has rejected the civil factual sufficiency review in 
termination cases. Adjudications of delinquency in juvenile cases are based on 
the criminal standard of proof—beyond a reasonable doubt. See Tex. Fam. Code 
Ann. § 54.03(f) (Vernon Supp. 2004); In re M.C.L., 110 S.W.3d 591, 594 
(Tex. App.—Austin 2003, no pet.). Thus, until the Texas Supreme Court 
decides differently, this court will continue to apply the criminal factual 
sufficiency standard of review to appeals from juvenile adjudications. See In 
re J.D.P., 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.); see 
also M.C.L., 110 S.W.3d at 594; In re J.L.H., 58 S.W.3d 242, 245 (Tex. 
App.—El Paso 2001, no pet.); In re G.A.T., 16 S.W.3d 818, 828 (Tex. 
App.—Houston [14th Dist.] 2000, pet. denied). We overrule issue two.         In appellant’s first and third issues, he challenges the legal and factual 
sufficiency of the evidence to sustain his adjudication for aggravated sexual 
assault. The standards of review for legal and factual sufficiency are well 
established. See Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 
2001); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Appellant 
was charged with four counts of aggravated sexual assault. Specifically, the
State alleged that on or about March 15, 2002, appellant intentionally or
knowingly caused the sexual organ of J.L., a child younger than fourteen years
of age who was not appellant’s spouse, to contact appellant’s mouth and anus
and that appellant intentionally or knowingly caused the anus and mouth of J.L.
to contact appellant’s sexual organ. 
        J.L. testified at trial that when he was six years old, appellant stuck his 
“weenie” in his butt and that he stuck his “weenie” in appellant’s butt. J.L. 
also testified that appellant stuck his “weenie” in J.L.’s mouth and vice versa. 
This conduct occurred “about three times.” The evidence supports the State’s 
allegation that the events occurred in March 2002, in the pool outside J.L.’s 
house and in a bedroom in J.L.’s house; J.L. was six years old in March 2002. 
J.L. made an outcry in August 2002. Because the testimony of a child victim 
is sufficient to support a conviction for aggravated sexual assault of a child, the 
evidence was legally sufficient to sustain the trial court’s adjudication of 
appellant for aggravated sexual assault as alleged in the State’s petition. See 
Dufrene v. State, 853 S.W.2d 86, 90 (Tex. App.—Houston [14th Dist.] 1993, 
pet. ref’d). We overrule appellant’s first issue. 
        The evidence to the contrary comes mainly from appellant’s testimony. 
He denied committing the acts and testified that he and J.L. were never alone 
in the pool for the conduct to have occurred and that when they were in the 
bedroom they were either not alone or the door was open and appellant’s 
mother periodically entered the room. Appellant believed that J.L. made up the 
accusations because of J.L.’s and his sister’s behavior; they allegedly would go 
around the house kissing on each other’s privates. There was also no physical 
evidence of any sexual abuse. Finally, although some testimonial evidence and 
the documentary evidence of J.L.’s outcry indicate that the events occurred in 
March 2001, other evidence shows that they occurred in March 2002. J.L. 
also testified that he was six years old when the events occurred, which 
supports the allegations that the events occurred in March 2002 and not in 
2001.
 

 
        Although appellant’s testimony contradicts J.L.’s testimony and other 
evidence supporting the adjudication, the evidence is not so overwhelming as 
to outweigh the trial court’s adverse finding. See Johnson, 23 S.W.3d at 11. 
As the trier of fact, the trial court was the sole judge of the credibility of the 
witnesses and was free to accept or reject all or part of appellant’s testimony. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 
522 U.S. 832 (1997). Accordingly, we hold the evidence was factually 
sufficient to support the adjudication for aggravated sexual assault as alleged 
in the State’s petition. We overrule appellant’s third issue. 
        We affirm the trial court’s judgment.  
                                                          PER CURIAM 
PANEL F:   SAM J. DAY, J. (Retired, Sitting by Assignment); LIVINGSTON 
and DAUPHINOT, JJ.
 
DELIVERED: December 18, 2003.