NO.
12-06-00186-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

GUY VAL QUAM,    §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Guy Val Quam
appeals his conviction for aggravated sexual assault of a child, for which he
was sentenced to imprisonment for life. 
In three issues, Appellant contends that the trial court erred in
finding the child witness competent to testify and also argues that the evidence
is neither legally nor factually sufficient to support his conviction.  We affirm.

 

Background

            Appellant
and his family were friends with M.K. and her family.  M.K. spent time at Appellant’s home because
Appellant’s wife and daughter babysat her and other children.   At times Appellant was alone with the
children being watched, including M.K. 
Sometime in 2003, when M.K. was two years old, M.K. told her mother that
“[Appellant] plays privates with me.” 
M.K.’s mother discussed M.K.’s statement with Appellant’s wife, but took
no further action.  In 2005, M.K. and her
mother saw Appellant at a restaurant. 
After Appellant left, M.K. told her mother that “[Appellant] plays
privates with me and that’s not appropriate.” 
Several days later, M.K.’s mother inquired further, and M.K. said that
Appellant put his hand inside of and licked her “private” when they were in a
closet in Appellant’s garage.  M.K.
identified her “private” as her vagina.








            M.K.’s
parents took M.K., then four years old, to a counselor.  The counselor suggested that the police be
contacted.  The mother did so, and the
police conducted an investigation.  Part
of the investigation included a videotaped interview with a representative of
the Texas Department of Protective and Regulatory Services. 

            Following
the investigation, Appellant was charged by indictment with aggravated sexual
assault of a child.[1]  Appellant
pleaded not guilty, and the case proceeded to trial.  Before M.K. testified, the trial court
conducted a hearing on her competency. 
The trial court found that M.K. was competent to testify, and M.K.
testified without objection.  After
hearing the evidence, the jury found Appellant guilty as charged.  The court held a separate punishment
hearing.  Both sides presented evidence
at that hearing, and the jury assessed Appellant’s punishment at imprisonment
for life.  The trial court sentenced
Appellant accordingly, and this appeal followed.

 

Competency

            In his first
issue, Appellant argues that the trial court erred in allowing M.K. to
testify.  Appellant alleges that there
was no evidence that M.K. appreciated the difference between the truth and a
lie and no evidence that M.K. could recall the events about which she was to
testify.

Standard of Review

            As a general
rule, every witness is competent to testify. 
Tex. R. Evid. 601(a).  A child is competent to testify unless it
appears to the trial court that the child does not possess sufficient intellect
to relate the transaction about which the child will testify.  Tex.
R. Evid. 601(a)(2);  Dufrene
v. State, 853 S.W.2d 86, 88 (Tex. App.–Houston [14th Dist.] 1993, pet.
ref’d).  The trial court determines
whether a child is competent to testify based on the capacity of the child to
1) observe intelligently the events in question at the time of the occurrence,
2) recollect the events, and 3) narrate the events.  Dufrene, 853 S.W.2d at 88-89. 

            Generally, a
trial court is given wide discretion in determining admissibility of
evidence.  See Druery v.
State, No. AP-74,912, 2007 Tex. Crim. App. LEXIS 392, at *26 (Tex.
Crim. App. Apr. 4, 2007).  We
review a trial court’s decision that a witness is competent to testify for an
abuse of discretion.  See Broussard
v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995).  As part of our review, we consider all of the
trial testimony as well as the preliminary competency examination of the child
witness to determine if the trial court abused its discretion.  See Clark v. State, 558
S.W.2d 887, 890 (Tex. Crim. App. 1977). 
Inconsistencies or conflicts in a child’s testimony do not automatically
render the child incompetent to testify, but instead affect the weight to be
given to the child’s testimony.  See
Upton v. State, 894 S.W.2d 426, 429 (Tex. App.–Amarillo 1995,
pet. ref’d).

Waiver

            To preserve
a complaint for appellate review, a party must present the complaint to the
trial court with sufficient specificity to make the trial court aware of the
complaint.  See Tex. R. App. P. 33.1.  Rule 33.1 ensures that the trial court had
the opportunity to correct its own errors before a party seeks appellate
review.  See Vidaurri v. State,
49 S.W.3d 880, 886 (Tex. Crim. App. 2001). 
For an objection to meet the “sufficient specificity” requirement, the
party must “let the trial judge know what he wants, why he thinks himself
entitled to it, and . . . do so clearly enough for the judge to understand him
at a time when the trial court is in a proper position to do something about
it.”  Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992). 
Unless a party obtains a running objection or requests a hearing outside
the presence of the jury, a party is required to continue to object each time
inadmissible evidence is offered.  See
Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

            Appellant
did not object to M.K.’s testimony. 
Before M.K. testified, the court conducted a hearing to determine if
M.K. was competent to testify.  Appellant
did not object to M.K.’s testimony outside the presence of the jury, nor did he
object when she testified with the jury present.  Therefore, Appellant did not preserve his
complaint about the trial court’s decision to allow M.K. to testify.  See Tex.
R. App. P. 33.1.

            Even if
Appellant had preserved his complaint, we see no error. Although M.K.’s
testimony contained conflicting answers, that does not, in itself, make her an
incompetent witness.  See Dufrene,
853 S.W.2d at 89.  M.K. consistently
testified that Appellant put his hand in her vagina, and she consistently
identified the location of the crime as Appellant’s garage.  After reviewing the entire record, we
conclude that even if the complaint had been preserved, the trial court did not
abuse its discretion when it determined that M.K. had the capacity to observe,
recollect, and truthfully describe the events that were the basis of her
testimony.  Appellant’s first issue is
overruled.

 

Evidentiary
Sufficiency

            In his second and third issues,
Appellant argues that the evidence is neither legally nor factually sufficient
to support the conviction.  

Legal Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99
S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson v.  State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
The evidence is examined in the light most favorable to the jury’s
verdict.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.  As alleged in the indictment, the State was
required to prove that Appellant intentionally or knowingly caused the
penetration of the female sexual organ of a child, fourteen years of age or
younger and not his spouse, with his hands and fingers.  See
Tex. Penal Code Ann. art. 22.021.

            In
the case at hand, the record reflects that Appellant put his hand inside M.K.’s
vagina.  M.K. testified that Appellant put
his hand inside her “private.”  M.K.’s
mother testified that M.K. told her Appellant had put his hand inside of and
licked M.K.’s vagina.[2] 
The uncorroborated testimony of a child sexual abuse victim alone is
sufficient to support a conviction for aggravated sexual assault of a
child.  Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2006); O’Hara v. State,
837 S.W.2d 139, 141–42 (Tex. App.–Austin 1992, pet. ref’d). 

            Examining
the aforementioned evidence in the light most favorable to the jury’s verdict,
we conclude that the jury could have determined beyond a reasonable doubt that
Appellant  committed the offense of
aggravated sexual assault of a child. 
Accordingly, we hold that the evidence was legally sufficient to support
the conviction.  Appellant’s second issue
is overruled.

Factual Sufficiency

            Turning
to Appellant’s contention that the evidence is factually insufficient to
support the trial court’s judgment, we must first assume that the evidence is
legally sufficient under the Jackson standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it to the evidence that
tends to disprove that fact.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the

weight and credibility of witness
testimony.  Santellan, 939
S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine our confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (Evidence is
factually insufficient only when reviewing court objectively concludes that the
great weight and preponderance of the evidence contradicts the jury’s
verdict.).

            In
the instant case, Appellant argues that M.K.’s testimony was unworthy of belief
because it was inconsistent with her other statements and because M.K. was not
competent to testify.  Appellant argues
that the recollection of a five year old of events that happened when she was a
toddler is insufficient to support the jury’s finding.  Further, Appellant notes that M.K. placed the
location of the crime as an attic in Appellant’s garage when she was
interviewed prior to trial.  The evidence
introduced at trial showed that the attic in Appellant’s garage did not have a
pull down ladder as described by M.K. in the interview.

            Nonetheless,
we must consider this evidence in the context of the record as a whole.  We already have held that M.K.’s testimony
could be considered.  Although she
referred to an attic in one of the interviews, M.K. testified that the crime
occurred in a closet in Appellant’s garage. 
Likewise, in her statement to her mother, M.K. said that the crime
occurred in the closet, but did not mention the attic.  Appellant’s garage contained a closet or
small room that could be locked from the inside. Additionally, M.K.
consistently testified that Appellant put his hand inside her sexual
organ.  M.K. told her mother that
Appellant had put his hand inside her sexual organ. 

            Our
review of the entirety of the record, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we conclude that the jury could
have reasonably found that Appellant committed aggravated sexual assault
against M.K.  See Wesbrook
v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000) (generally jury
determines weight to give testimony of a witness and resolution of any
conflicts in the evidence); Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (jury may believe all, some, or none of a witness’s
testimony).  The evidence is factually
sufficient to support the trial court’s judgment.  Appellant’s third issue is overruled.

 

Disposition

            Having
overruled Appellant’s first, second, and third issues, we affirm
the trial court’s judgment.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered April 25,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
See Tex. Penal Code Ann. art.
22.021 (Vernon 2006).





[2]
M.K.’s mother testified that M.K. was younger than fourteen and not his spouse
at the time of the alleged sexual assault.