MARY'S OPINION HEADING 








NO. 12-09-00272-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

MICHAEL BENJAMIN
CAUDILL,             §                    APPEAL FROM THE 114TH

APPELLANT

                                                                                                            

V.                                                                   
 §                     JUDICIAL DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                
   §                     SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Michael
Benjamin Caudill appeals his conviction for aggravated sexual assault of a
child, for which he was sentenced to imprisonment for fifty years and a ten
thousand dollar fine.  In two issues, Appellant argues that (1) the trial court
erred in determining that a child witness was competent to testify and (2) the
evidence is factually insufficient to support the trial court’s judgment.  We
affirm.

 

Background

            Appellant,
his wife, and his two children attended a party hosted by Michael Williams. 
Several others were present, including A.L., a three year old child.  Early on
the morning of July 27, 2008, A.L. was in the living room watching a movie with
two older children, N.Y. and S.C., while several adults were talking outside of
the house.

Appellant entered the house, grabbed N.Y., and attempted
to take her toward the bathroom.  When N.Y. broke free from Appellant, he
grabbed A.L. and took her into the bathroom.  N.Y. and S.C. told A.L.’s parents
what had occurred.  Several people knocked on the locked bathroom door, and A.L.’s
parents attempted to force the door open.  However, Appellant would not open
the door.  After several minutes, Appellant opened the door and gave A.L. to
her mother.  A.L.’s mother asked A.L. what happened in the bathroom.  A.L. said
that Appellant “licked her tuttut.”[1]  Thereafter, A.L.’s
mother contacted the police.

A.L. was taken to the hospital and underwent a
sexual assault examination.  During the examination, several samples of
forensic evidence were collected from A.L.’s vagina and sent for testing.  Forensic
material was also collected from Appellant.  Testing of the DNA collected from
A.L. found the presence of male DNA from which Appellant could not be excluded
as a potential donor.

Appellant was charged by indictment with aggravated
sexual assault of a child under six years old.  Appellant pleaded “not guilty,”
and the matter proceeded to a bench trial.  Ultimately, the trial court found
Appellant “guilty” as charged.  Thereafter, a trial on punishment was
conducted, after which the trial court sentenced Appellant to imprisonment for fifty
years and a ten thousand dollar fine.  This appeal followed.

 

Competency
of Child Witness

            In his first issue, Appellant argues that
the trial court abused its discretion in finding that A.L. was competent to
testify.

Standard
of Review

            As
a general rule, every witness is competent to testify.  See Tex. R. Evid. 601(a).  A child is
competent to testify unless it appears to the trial court that the child does
not possess sufficient intellect to relate the transaction about which the
child will testify.  See Tex. R.
Evid. 601(a)(2);  Dufrene v. State, 853 S.W.2d 86, 88
(Tex. App.–Houston [14th Dist.] 1993, pet. ref’d).  The trial court determines
whether a child is competent to testify based on the capacity of the child to (1) observe intelligently the events in question at the time of the
occurrence, (2) recollect the events, and (3) narrate the events.  Dufrene,
853 S.W.2d at 88–89. 

            Generally,
a trial court is given wide discretion in determining admissibility of
evidence.  See Mendoza v. State, 30 S.W.3d 528, 530 (Tex.
App.–San Antonio 2000, no pet.).  We review a trial court’s decision that a
witness is competent to testify for an abuse of discretion.  See Broussard
v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995).  As part of our
review, we consider all of the trial testimony as well as the preliminary
competency examination of the child witness to determine if the trial court
abused its discretion.  See Clark v. State, 558 S.W.2d
887, 890 (Tex. Crim. App. 1977).  Inconsistencies or conflicts in a child’s
testimony do not automatically render the child incompetent to testify, but
instead affect the weight to be given to the child’s testimony.  See Upton
v. State, 894 S.W.2d 426, 429 (Tex. App.–Amarillo 1995, pet. ref’d).

Waiver

            To
preserve a complaint for appellate review, a party must present the complaint
to the trial court with sufficient specificity to make the trial court aware of
the complaint.  See Tex. R. App.
P. 33.1.  Rule 33.1 ensures that the trial court had the opportunity to
correct its own errors before a party seeks appellate review.  See
Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).  For an
objection to meet the “sufficient specificity” requirement, the party must “let
the trial judge know what he wants, why he thinks himself entitled to it, and .
. . do so clearly enough for the judge to understand him at a time when the
trial court is in a proper position to do something about it.”  Lankston
v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  Unless a party
obtains a running objection or requests a hearing outside the presence of the
jury, a party is required to continue to object each time inadmissible evidence
is offered.  See Martinez v. State, 98 S.W.3d 189, 193 (Tex.
Crim. App. 2003).

            Although
the trial court conducted a brief hearing to determine if A.L. was competent to
testify, Appellant did not immediately object to A.L.’s testimony.  In fact, Appellant
did not object to A.L.’s testimony until the conclusion of his cross examination
of A.L.  At this time, Appellant’s attorney stated to the court as follows:

 

And at this time, I’m
going to object to any proffered testimony by this witness.  I believe that
she’s incompetent to testify.  She is not testifying to anything that she
directly remembers.

 

She’s testifying to
something that someone told her -- her mother, someone from the District
Attorney’s office -- and as a result thereof, I don’t think that it’s – her
testimony can be relied upon.  She is much too young.

 

And though she’s
testifying today that this man licked her tutu, when she was asked that
question a couple of months after it occurred, she indicated that nobody had
licked her tutu.

 

So I believe that she
has been questioned, she has been given information that would lead her to make
– to testify as she did today.  I do not believe that it’s a result of anything
that she recollects or remembers.

 

 

The State offered its response to Appellant’s arguments.  In
reply, Appellant’s attorney stated as follows:

 

Judge, that was –
he’s probably right.  I probably should have objected earlier because one of
the questions you asked her relative to, “Is it bad to tell a lie,” well,
that’s kind of a leading question and it kind of suggests what the answer is to
that question.

 

But she was having
real difficulty even answering the questions that you posed before she
proffered her testimony.

 

But after she has
testified the way she has, suggesting that others have told her what to say,
that’s the basis of my objection.  But perhaps it has to do more with
credibility that it does with competency.

 

 

The trial court did not rule on Appellant’s objection, but instead
permitted the State to proceed with its redirect examination of A.L.  Thereafter,
Appellant conducted additional cross examination of A.L, but did not assert any
further objections related to A.L.’s competency.  Based on the record before us,
we conclude that Appellant did not preserve the issue he now raises concerning
the trial court’s decision to permit A.L. to testify.  See Tex. R. App. P. 33.1.  

Yet, even had Appellant preserved error on this issue, the result
would not differ. A.L.’s testimony contained conflicts as to where the assault
occurred.  However, issues such as these do not make A.L. an incompetent
witness.  See Dufrene, 853 S.W.2d at 89.  A.L. consistently
testified that Appellant licked her “tuttut.”  She began making that claim the
morning of the incident and continued to make the same claim at trial.  Further,
in response to the trial court’s initial questions, A.L. indicated knowledge of
the difference between the truth and a lie.  

Appellant notes that when A.L. was asked if she understood the
difference between the truth and a lie, she responded, “It’s a lie.”  However,
a review of A.L.’s response in the context of the entire record adequately
explains her statement.  A.L. was holding a red fox.  The trial court asked
A.L., “If I said the fox was green, would that be true or not true?”  A.L. responded,
“Not true.”  The trial court continued asking questions about the fox, finally inquiring,
“The fox is green, that’s a lie, right?”  When A.L. nodded her head in response,
the trial court asked for a verbal response, to which A.L. replied, “Yes.”  The
trial court then stated, “Okay.  Do you understand the difference between the
truth and a lie?”  A.L. responded, “It’s a lie.”  From our review of the record,
we conclude that A.L. could have reasonably believed that the trial court was
still questioning her about whether the fox was green.  Nonetheless, the trial
court persisted in its inquiry of A.L. about her duty to tell the truth.  Only
after A.L. acknowledged the necessity of responding to questions truthfully did
the trial court permit her to testify.  Therefore, we conclude that even had
Appellant preserved error on this issue, the trial court did not abuse its
discretion in determining that A.L. had the capacity to observe, recollect, and
truthfully describe the events that were the basis of her testimony. 
Appellant’s first issue is overruled.

 

Factual Sufficiency

            In
his second issue, Appellant argues that the evidence is factually insufficient to
support the trial court’s judgment.  Specifically, Appellant contends the
evidence is factually insufficient because A.L. testified that Appellant
“licked her tuttut,” but never identified what part of her body was her “tuttut.”


            When
an appellant raises a contention that the evidence is not factually sufficient
to support the trial court=s judgment, we must
first assume that the evidence is legally sufficient under the Jackson[2]
standard.  See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  We then consider all of the evidence weighed by the factfinder
that tends to prove the existence of the elemental fact in dispute and compare
it to the evidence that tends to disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We do not view
the evidence “in the light most favorable to the prosecution.”  Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we look at
all evidence in a neutral light and will reverse only if (1) the evidence is so
weak that the finding seems clearly wrong and manifestly unjust or (2) considering
conflicting evidence, the finding, though legally sufficient, is nevertheless
against the great weight and preponderance of the evidence.  See Watson
v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).  In our
review, we must consider the evidence that the appellant claims most undermines
the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003).  We cannot declare that a conflict in the evidence justifies a new
trial simply because we may disagree with the factfinder’s resolution of that
conflict.  See Watson, 204 S.W.3d at 417.  Nor can we
conclude a finding is “clearly wrong” or “manifestly unjust” simply because, on
the quantum of evidence admitted, we would have voted differently had we been
the factfinder.  See id.  Rather, before ordering a new trial, we
must first be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the verdict.  See
id.

In the instant case, Appellant argues that A.L.’s
testimony is of no effect because she does not identify what she means by the
word “tuttut.”  However, A.L.’s parents both testified that A.L. called her
vagina a “tuttut.”  This evidence is reinforced by A.L.’s parents’ behavior
after retrieving A.L. from Appellant.  A.L. told her mother that Appellant had
“licked her tuttut.”  As a result, A.L.’s mother then examined A.L.’s vagina. 
Further, physical evidence specifically linking Appellant to the aggravated
sexual assault of A.L. was recovered from A.L.’s vagina.  From such evidence,
the factfinder could have reasonably concluded that Appellant sexually
assaulted A.L. by licking her vagina.  

We have reviewed the record in its entirety.  Having
done so, we cannot conclude that the great weight and preponderance of the
evidence contradicts the verdict or that the jury’s finding of “guilty” is “clearly
wrong” or “manifestly unjust.”  Therefore, we hold that the evidence is
factually sufficient to support the trial court’s judgment.  Appellant’s second
issue is overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

                                                                                                Brian Hoyle

                                                                                       
             Justice

 

 

Opinion
delivered May 5, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
  
 
 
 
 
  
 


)









[1] The record reflects that A.L.
called her vagina a “tuttut.”





[2] See Jackson v. Virginia, 443 U.S. 307, 315B16, 99 S. Ct. 2781, 2786B87, 61 L. Ed. 2d 560 (1979).