**Tommy Lee STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–022–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 7, 1986.

Richard Anderson, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

CORNELIUS, Chief Justice.

Tommy Lee Stewart was convicted of murder and assessed punishment of life imprisonment. On appeal he does not challenge the sufficiency of the evidence to support the conviction, but urges that reversible error was committed when the prosecution was allowed to introduce evidence referring to polygraph tests.

The testimony complained of was:

Q. Sergeant Rice, you stated earlier that you did in fact investigate Michael Riley; is that right?

A. Yes, sir, that's correct.

Q. And you said that you talked to witnesses?

A. Yes, sir.

Q. You relied upon Tommy Lee Stewart's statement that Michael Riley was not in back when the murder was committed?

[A.] Yes, sir.

Q. Checked fingerprints?

A. Yes, sir.

Q. In this kind of investigation, when you are investigating individuals to see if they are involved in this kind of offense, is one of the tools of your investigation the use of a polygraph or lie detector test?

MR. HAYS: Your Honor, we would object to any mention of the polygraph.

THE COURT: Your objection is overruled.

A. Yes, sir, it is.

Q. And as a result of all this investigation, Michael Riley was cleared and charges were not filed.

A. That's correct.

Stewart contends that this testimony was calculated to inform the jury that the suspect Michael Riley had taken and passed a polygraph test and for that reason no charges were filed against him. He argues that this evidence refutes his defensive theory that he did not commit the murder but Riley did. (Stewart admitted being present when the murder occurred but denied taking part in the killing.)

**234**

Generally, due to their unproven reliability, the results of polygraph tests are not admissible for any purpose. *Nethery v. State*, 692 S.W.2d 686 (Tex.Crim. App.1985); *Crawford v. State*, 617 S.W.2d 925 (Tex.Crim.App.1980); *Jones v. State*, 680 S.W.2d 499 (Tex.App.—Austin 1983, no pet.). It logically follows that it is improper to allow evidence even implying that such a test was taken if the effect of such evidence is to implicitly impeach the defendant's testimony or defensive theory, or to bolster the State's case. The evidence allowed here falls into the former category. However, we find that the error was harmless beyond a reasonable doubt. The record reveals that before there was any mention of a polygraph test Officer Rice had repeatedly testified that Michael Riley was cleared as a suspect because Stewart told him that Riley did not go into the area of the building where the murder was committed, and because his fingerprints did not match any of those found at the scene. On the other hand, Stewart was charged because he confessed the crime to his girlfriend; a bloody handprint at the murder scene matched his; he told false stories to police during the investigation, changing his story several times; and there was other evidence incriminating him. Furthermore, there was no objection to Officer Rice's statement that "as a result of all this investigation" Riley was cleared. In fact, defense counsel thereafter questioned Officer Rice about the accuracy of polygraph tests and his expertise concerning them. Considering all these circumstances, we conclude there is no reasonable possibility that the improper evidence contributed to the conviction, and that reversible error is not shown.

The judgment of the trial court is affirmed.