**Charles Ray LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–00856–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 23, 1989.

**28**

James M. Leitner, Houston, for appellant.

Lynne Parsons, Houston, for appellee.

Before BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Charles Ray Long appeals from a conviction for aggravated sexual assault of T.S.M., a child. TEX.PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 1989). A jury found him guilty as charged in the indictment and the trial court assessed punishment at ten years' confinement in the Texas Department of Corrections. Appellant questions evidentiary rulings by the trial court and the effectiveness of his trial counsel. We affirm.

Appellant was a friend of the complainant's father, Isaac Matthews, who took the complainant to appellant's Harris County residence on November 3 or 4, 1986. Appellant approached the complainant while she was playing in his yard. During trial, the complainant used dolls to demonstrate how appellant pulled off her panties, got on top of her to rub his penis against her and used a finger to penetrate her vagina. On finding blood on the child's panties the next morning while preparing to bathe her, the complainant's mother examined her and found that her genital area was scratched, red and swollen. The complainant told her mother that appellant and her father had "messed" with her. Appellant admitted having a few drinks with the complainant's father that day, but claimed he soon left his residence to spend the night with a blind neighbor.

■ In his first point of error, appellant contends the trial court violated TEX.

CODE CRIM.PROC.ANN. art. 38.072 § 1(2) (Vernon Supp.1989) by failing to conduct a hearing outside the jury's presence to determine the reliability of a statement made by the complainant and reported by her mother. Appellant's point of error here does not comport with his objection at trial, where he raised only a general objection to the hearsay nature of the statement. Moreover, as this court has held before, a general hearsay objection will not preserve error based on alleged lack of compliance with Article 38.072. *Martinez v. State,* 732 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1987, no pet.). We overrule the first point of error.

In his second point of error, the appellant argues the trial court abused its discretion under TEX.R.CRIM.EVID. 601(a)(2). Appellant maintains the trial court should not have initially found the complainant competent to testify and should have granted his request to withdraw that ruling based on inconsistencies in the child's testimony. Because TEX.R.CRIM.EVID. 601(a) categorizes every witness as competent unless the rules provide otherwise, a child is competent unless questioning the child convinces the court that he or she "appears not to possess sufficient intellect to relate" the transactions about which he or she will testify. TEX.R.CRIM.EVID. 601(a)(2).

With one exception, Rule 601(a)(2) is virtually identical to the code of criminal procedure provision it effectively repealed, TEX.CODE CRIM.PROC.ANN. art. 38.06 subd. 2. Unlike the former practice under Article 38.06 subd. 2, the court need no longer also find that the child "understands the obligations of the oath." Prior to the adoption of the rules of evidence, Texas appellate courts applied the abuse of discretion standard to challenges to the competency of a child witness, based on the entirety of the child's testimony. *Garcia v. State,* 573 S.W.2d 12, 14 (Tex.Crim.App. [Panel Op.] 1978); *Fields v. State,* 500 S.W.2d 500, 502 (Tex.Crim.App.1973). Since Rule 601 continues the "general rule of competency" formerly codified by Article 38.06, prior precedent construing that article should continue to apply. Thus, there

is no age at which the child witness is incompetent as a matter of law and inconsistencies in the child's testimony, standing alone, will not categorically render the child incompetent to testify. *Fields,* 500 S.W.2d at 502, 503.

Applying these standards to appellant's case, we cannot say that the trial court abused its discretion when it originally ruled T.S.M. competent to testify or when it overruled appellant's request to withdraw that ruling. While her responses to cross-examination showed some conflict and confusion, the remainder of her testimony showed she was sufficiently mature and accurate in her recollections to testify competently, at age four and one half, about the events which took place almost a year before. She was able to recall her parents' names and her address, responded accurately to questions about body parts, clothing and colors and described and demonstrated with dolls what the appellant did to her. In addition, her testimony demonstrated that she understood the difference between truth and falsehood, a factor which, although not required under Rule 601(a)(2), might have aided the court in concluding she possessed "sufficient intellect" to describe the criminal episode. Herasimchuk, *Texas Rules of Criminal Evidence Summary of Changes,* 20 Hous.L.Rev. 67, 107 (Tex.R.Evid. Handbook 1987 Supp.); *cf.,* Goode, Wellborn & Sharlot, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 601.2 at 367 (33 Texas Practice 1988) (noting that courts may continue to demand that witnesses understand their responsibility to testify truthfully). We overrule the second point of error.

Appellant's third and fifth points of error raise claims of ineffective assistance of counsel. The two prong test established by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) governs claims of ineffective assistance of counsel whether brought pursuant to the sixth amendment of the federal constitution or Article I, § 10 of the Texas Constitution. *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986) (en banc). The appel-

lant must first show that his trial counsel's performance was defective because it fell below an objective standard of reasonably effective assistance, based on the totality of representation and viewed from the perspective of the time of trial, rather than hindsight. *Strickland,* 466 U.S. at 687, 690, 689, 104 S.Ct. at 2064, 2066, 2065. Under this prong of the *Strickland* test, reasonably effective assistance of counsel does not mean error-free counsel. *Hernandez,* 726 S.W.2d at 58. Likewise, actions which "might be considered sound trial strategy" are presumptively reasonable. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. If a defendant can satisfy the first prong by showing that his counsel was not reasonably effective, *Strickland* then requires a showing of a reasonable possibility that the outcome of trial would have been different had counsel not been ineffective. *Id.* at 674, 104 S.Ct. at 2057–58.

■ In his third point of error, appellant maintains his trial counsel was ineffective because he did not object to testimony by Houston Police Officer Yolanda Davis that T.S.M.'s father, a codefendant, refused to take a polygraph test after originally agreeing to submit to one.

The *results* of polygraph tests are inadmissible for any purpose. *Nethery v. State,* 692 S.W.2d 686 (Tex.Crim.App.1985) (en banc), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). Relying on this principle, the Texarkana Court of Appeals held evidence inadmissible if it even implies that a polygraph test was taken if the evidence effectively impeaches the defendant's testimony or defensive theory or if the evidence bolsters the State's case. *Stewart v. State,* 705 S.W.2d 232 (Tex.App.—Texarkana 1986, pet. ref'd). The evidence of which appellant complains did not concern polygraph test results. Nor did it concern the defendant but the codefendant to whom the appellant attempted to shift criminal responsibility for the offense. Therefore, it did not bolster the State's case. If anything, the allegedly objectionable testimony effectively bolstered appellant's own defensive theory.

Accordingly, trial strategy readily explains trial counsel's failure to object.

■ Appellant also contends, in his fifth point of error, that his trial counsel was ineffective because he failed to object to certain statements by the prosecutor concerning the complainant's competency. Appellant maintains the prosecutor's unsworn statements during jury voir dire and closing argument effectively "inform[ed] the jury that the judge had already determined that the complainant was a competent witness" and therefore warranted objection since the statements injected prohibited comments on the weight of the evidence by the trial court. We disagree with appellant's interpretation of the prosecutor's statements.

During voir dire, the prosecutor properly questioned the members of the venire to ascertain whether they could believe a child witness since that issue was applicable to the case. *See Powell v. State,* 631 S.W.2d 169, 170 (Tex.Crim. app [Panel Op.] 1982). Before questioning the veniremen individually, the prosecutor explained "... a child can not [sic] take the witness stand and answer questions unless the judge has determined that this child is a competent witness." Any objection would have been futile since the prosecutor was correctly explaining that the jurors would be assessing only the credibility of the child witness, a correct statement of the law. *Cf., Meanes v. State,* 668 S.W.2d 366, 372 (Tex.Crim. App.1983) (en banc), *cert. denied,* 466 U.S. 945, 104 S.Ct. 1930, 80 L.Ed.2d 476 (1984) (although the trial court made arguably *improper* remarks to a venireperson, counsel found reasonably effective despite failure to object because court was attempting to explain the law).

During closing argument, the prosecutor reminded the jurors that the judge determines competency, defined competency as "sufficient intellect to be able to understand and respond to questions" and informed the jurors "So she got over that hurdle, so you can *consider* her testimony (emphasis added)." The prosecutor's statements were correct statements of the law and addressed only the admissibility of the

complainant's testimony. They did not invite the jurors to accord a certain weight to the testimony. Correct statements of the law during final argument do not constitute reversible error. *Alvarado v. State*, 709 S.W.2d 339, 341 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Therefore, failure to object cannot constitute ineffectiveness. *See King v. State*, 649 S.W.2d 42, 45 (Tex.Crim.App.1983) (en banc).

Based on the totality of representation and viewed from the perspective of trial rather than hindsight, appellant has failed to show that his trial counsel's performance fell below an objective standard of reasonableness. We overrule the third and fifth point of error.

In his fourth point of error, appellant claims the trial court erred by overruling his objection when the prosecutor asked the complainant's mother whether she believed that appellant and the child's father "messed with her."

Appellant objected during trial that the question called for speculation. He now claims the question called for an expert opinion, suggested "that the jurors may shift their responsibility to the witness" and deprived him of his rights to due process and a fair trial in violation of the Texas and federal constitutions. Appellant presents nothing for review since his trial objection does not comport with his contentions on appeal. *Thomas v. State*, 723 S.W.2d 696, 705 (Tex.Crim.App.1986) (en banc). Appellant also failed to preserve error because the testimony of the witness does not reflect that she attested to her belief in the complainant's version of the incident. *Thomas v. State*, 701 S.W.2d 653, 663 (Tex.Crim.App.1985) (en banc). We overrule the fourth point of error.

We affirm the judgment of the trial court.