COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-034-CR
 
DONNIE RAY FINNEY       
           
           
           
           
          
APPELLANT
V.
THE STATE OF TEXAS       
           
           
           
           
      
         STATE
------------
FROM THE 297
TH DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Donnie Ray Finney appeals his conviction
and sentence for possession with intent to deliver cocaine. In three issues,
appellant complains that the trial court erred in overruling his motion to
suppress, in sentencing appellant to forty years' incarceration, in failing to
order a directed verdict of not guilty, and in failing to submit a jury
instruction on the lesser included offense of simple possession. Appellant also
contends that his trial counsel was ineffective. We will affirm.
In his first issue, appellant contends
that the trial court erred in overruling his motion to suppress because the
officer lacked probable cause to arrest appellant and seize the alleged
contraband. When the cocaine was admitted into evidence at trial, the appellant
stated, "No objections, Your Honor." The State asserts that by
affirmatively stating that he had no objection to the admission of the cocaine,
appellant waived error, if any. We agree. When an accused affirmatively asserts
during trial that he has "no objection" to the admission of the
complained of evidence, he waives any error in the admission of the evidence.
Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992), cert.
denied, 507 U.S. 921 (1993); McGrew v. State, 523 S.W.2d 679, 680
(Tex. Crim. App. 1975). Therefore, we overrule issue one.
In his second issue, appellant contends
that the trial court abused its discretion in sentencing him to forty years'
incarceration because the punishment assessed by the trial court violates the
cruel and unusual punishment clauses of the federal and state constitutions.
Appellant, however, failed to raise this issue at the punishment hearing or in a
motion for new trial. Therefore, nothing is presented for review. See Tex.
R. App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); In re C.J.H., 79 S.W.3d 698, 705 (Tex. App.--Fort Worth
2002, no pet.). Moreover, since the punishment assessed is within the statutory
range of punishment, the sentence was not so plainly disproportionate as to
shock the conscience and thus constitute cruel and unusual punishment prohibited
by the federal and state constitutions. See Samuel v. State, 477 S.W.2d
611, 614 (Tex. Crim. App. 1972); Rodriguez v. State, 917 S.W.2d 90, 92
(Tex. App.--Amarillo 1996, pet. ref'd). Issue two is overruled.
In issue three, appellant argues that the
trial court erred in failing to order a directed verdict of not guilty after the
State rested because the evidence was not sufficient to prove that he possessed
the cocaine with intent to deliver. However, as appellant admits in his brief,
he did not make a motion for directed verdict. Therefore, he has waived his
right to complain on appeal. See Tex. R. App. P. 33.1(a)(1).
Appellant also contends that the trial
court erred in failing to submit a jury instruction for the lesser included
offense of simple possession. However, because appellant made no request for the
instruction, the complaint is waived. See id.; Thomas v. State,
701 S.W.2d 653, 656 (Tex. Crim. App. 1985).
Additionally, appellant complains that the
trial court erred in admitting Detective Weening's testimony regarding the
amount of cocaine normally possessed by an individual for personal use because
she was not qualified as an expert under Texas Rule of Evidence 702. At trial,
the prosecution asked Detective Weening several questions concerning the amount
of cocaine usually possessed by drug users. Appellant objected that the
questions called for speculation. There was no objection raised to her
qualifications to give an opinion. Therefore, because appellant's trial
objection does not comport with his contentions on appeal, he presents nothing
for review. See Long v. State, 770 S.W.2d 27, 31 (Tex. App.--Houston
[14th Dist.] 1989), rev'd on other grounds, 800 S.W.2d 545
(Tex. Crim. App. 1990).
Appellant also contends that Detective
Weening's testimony was not proper under Texas Rule of Evidence 701. Rule 701
allows a witness to testify in the form of an opinion or inference if the
witness's opinion is "rationally based on the perception of the
witness" and helpful to "the determination of a fact in issue."
Tex. R. Evid. 701.
In this case, whether appellant possessed
the cocaine with the intent to deliver was clearly at issue. Detective Weening
testified that she had worked for three years as an undercover narcotics officer
and had also worked as a vice officer. In light of her experience purchasing
narcotics and dealing with drug users and dealers, she testified that
individuals who merely possess cocaine for personal use normally possess one or
two rocks. Because her testimony was based on her personal perception of the
amount of drugs normally possessed by a drug user, we conclude that her
testimony comports with the requirements of rule 701.
In addition, appellant contends that his
trial counsel was ineffective for failing to move for a directed verdict and
failing to request submission of a jury instruction on the lesser included
offense of possession of a controlled substance. We apply a two-pronged test to
ineffective assistance of counsel claims. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that his
counsel's performance was deficient; second, appellant must show the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.
Appellant did not file a motion for new
trial complaining of his trial counsel's ineffectiveness and has otherwise
failed to develop evidence rebutting the presumption that counsel rendered
effective assistance. When the record is silent as to counsel's reasons for
performing or failing to perform in the manner alleged, we cannot conclude that
counsel's performance was deficient. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994); see also Grant v. State, 33 S.W.3d 875,
879-80 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). Therefore,
appellant has failed to meet the first prong of Strickland. We overrule
his third issue.
Having overruled each of appellant's three
issues, we affirm the trial court's judgment.
 
JOHN CAYCE
CHIEF JUSTICE
 
PANEL A: CAYCE C.J.; DAY and LIVINGSTON,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered January 23, 2003]

1. See Tex. R. App. P. 47.4.