Finney v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-034-CR

DONNIE RAY FINNEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Donnie Ray Finney appeals his conviction and sentence for possession with intent to deliver cocaine.  In three issues, appellant complains that the trial court erred in overruling his motion to suppress, in sentencing appellant to forty years’ incarceration, in failing to order a directed verdict of not guilty, and in failing to submit a jury instruction on the lesser included offense of simple possession.  Appellant also contends that his trial counsel was ineffective.  We will affirm.

In his first issue, appellant contends that the trial court erred in overruling his motion to suppress because the officer lacked probable cause to arrest appellant and seize the alleged contraband.  When the cocaine was admitted into evidence at trial, the appellant stated, “No objections, Your Honor.”  The State asserts that by affirmatively stating that he had no objection to the admission of the cocaine, appellant waived error, if any.  We agree.  When an accused affirmatively asserts during trial that he has “no objection” to the admission of the complained of evidence, he waives any error in the admission of the evidence.
  Jones v. State, 
833 S.W.2d 118, 126 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 921 (1993); 
McGrew v. State
, 523 S.W.2d 679, 680 (Tex. Crim. App. 1975).  Therefore, we overrule issue one.

In his second issue, appellant contends that the trial court abused its discretion in sentencing him to forty years’ incarceration because the punishment assessed by the trial court violates the cruel and unusual punishment clauses of the federal and state constitutions.  Appellant, however, failed to raise this issue at the punishment hearing or in a motion for new trial.  Therefore, nothing is presented for review.  
See
 
Tex. R. App. P. 
33.1(a)(1); 
Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).  Moreover, since the punishment assessed is within the statutory range of punishment, the sentence was not so plainly disproportionate as to shock the conscience and thus constitute cruel and unusual punishment prohibited by the federal and state constitutions.  
See Samuel v. State
, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); 
Rodriguez v. State
, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref’d).  Issue two is overruled.

In issue three, appellant argues that the trial court erred in failing to order a directed verdict of not guilty after the State rested because the evidence was not sufficient to prove that he possessed the cocaine with intent to deliver.  However, as appellant admits in his brief, he did not make a motion for directed verdict.  Therefore, he has waived his right to complain on appeal.  
See 
Tex. R. App. P.
 33.1(a)(1).  

Appellant also contends that the trial court erred in failing to submit a jury instruction for the lesser included offense of simple possession.  However, because appellant made no request for the instruction, the complaint is waived.  
See id.
; 
Thomas v. State
, 701 S.W.2d 653, 656 (Tex. Crim. App. 1985).  

Additionally, appellant complains that the trial court erred in admitting Detective Weening’s testimony regarding the amount of cocaine normally possessed by an individual for personal use because she was not qualified as an expert under Texas Rule of Evidence 702.  At trial, the prosecution asked Detective Weening several questions concerning the amount of cocaine usually  possessed by drug users.  Appellant objected that the questions called for speculation.  There was no objection raised to her qualifications to give an opinion.  Therefore, because appellant’s trial objection does not comport with his contentions on appeal, he presents nothing for review.  
See Long v. State
, 770 S.W.2d 27, 31 (Tex. App.—Houston [14
th
 Dist.] 1989), 
rev’d on other grounds
, 800 S.W.2d 545 (Tex. Crim. App. 1990).

Appellant also contends that Detective Weening’s testimony was not proper under Texas Rule of Evidence 701.  Rule 701 allows a witness to testify in the form of an opinion or inference if the witness’s opinion is “rationally based on the perception of the witness” and helpful to “the determination of a fact in issue.”  
Tex. R. Evid. 
701.  

In this case, whether appellant possessed the cocaine with the intent to deliver was clearly at issue.  Detective Weening testified that she had worked for three years as an undercover narcotics officer and had also worked as a vice officer.  In light of her experience purchasing narcotics and dealing with drug users and dealers, she testified that individuals who merely possess cocaine for personal use normally possess one or two rocks.  Because her testimony was based on her personal perception of the amount of drugs normally possessed by a drug user, we conclude that her testimony comports with the requirements of rule 701.  

In addition, appellant contends that his trial counsel was ineffective for failing to move for a directed verdict and failing to request submission of a jury instruction on the lesser included offense of possession of a controlled substance.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant did not file a motion for new trial complaining of his trial counsel’s ineffectiveness and has otherwise failed to develop evidence rebutting the presumption that counsel rendered effective assistance.  When the record is silent as to counsel’s reasons for performing or failing to perform in the manner alleged, we cannot conclude that counsel’s performance was deficient.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
see also Grant v. State
, 33 S.W.3d 875, 879-80 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d).  Therefore, appellant has failed to meet the first prong of 
Strickland
.  We overrule his third issue.

Having overruled each of appellant’s three issues, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 
47.2(b)

[Delivered January 23, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.