PD-1231-15

PD-1231-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/17/2015 8:06:42 PM
Accepted 9/22/2015 11:44:58 AM
ABEL ACOSTA
CLERK

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**JACOY NIXON**

*Petitioner,*

**VS.**

**THE STATE OF TEXAS**

*Respondent*

_____

Petition in Cause No. 12-05-05609-CR from the
9TH District Court of Montgomery County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR PETITIONER

# IDENTITIES OF PARTIES AND COUNSEL

PETITIONER:                     JACOY NIXON

PRESIDING JUDGE:                HON. KELLY CASE
                                9th District Court
                                Montgomery County Courthouse
                                207 West Phillips, Suite 306
                                Conroe, Texas 77301
                                (936) 539-7866

PROSECUTORS:                    MS. ROCHELLE L. GUITON
                                MS. NANCY HEBERT
                                Assistant District Attorney
                                Montgomery Co. District Attorney's Office
                                207 West Phillips, 2nd floor
                                Conroe, Texas 77301
                                (936) 539-7800

TRIAL COUNSEL:                  MR. JARROD L. WALKER
                                300 West Davis St, Ste. 450
                                Conroe, Texas 77301
                                (936) 539-3335

APPELLATE COUNSEL:              MR. TOM ABBATE
                                440 Louisiana, Ste 200
                                Houston, Texas 77002
                                (713)-223-0404

APPELLEE COUNSEL:               MR. WILLIAM J. DELMORE III
                                Assistant District Attorney
                                Montgomery Co. District Attorney's Office
                                207 West Phillips, 2nd floor
                                Conroe, Texas 77301
                                (936) 539-7800

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................................ 2

INDEX OF AUTHORITIES.............................................................................................. 4

STATEMENT REGARDING ORAL ARGUMENT................................................................ 6

STATEMENT OF THE CASE........................................................................................... 6

STATEMENT OF PROCEDURAL HISTORY ...................................................................... 6

QUESTIONS PRESENTED FOR REVIEW ......................................................................... 7

REASON FOR REVIEW ................................................................................................. 7

REASON FOR REVIEW ............................................................................................... 10

PRAYER FOR RELIEF ................................................................................................. 16

CERTIFICATE OF SERVICE ......................................................................................... 17

CERTIFICATE OF COMPLIANCE.................................................................................. 17

APPENDIX................................................................................................................. 18

# INDEX OF AUTHORITIES

**Cases**

*Berotte v. State*, 992 S.W.2d 13 (Tex. App.--Houston [1st Dist.] 1997) ...................................... 9

*Broderick v. State*, 89 S.W.3d 696 (Tex. App.—Houston [1st Dist.] 2002) .............................. 12

*Castelan v. State*, 54 S.W.3d 469 (Tex. App.—Corpus Christi 2001) ......................................... 12

*Clark v. State*, 659 S.W.2d 53 (Tex. App.--Houston [14th Dist.] 1983) ................................. 8, 10

*De Los Santos v. State*, 219 S.W.3d 71 (Tex. App.--San Antonio 2006) ...................................... 9

*Dufrene v. State,* 853 S.W.2d 86 (Tex.App. —Houston [14 Dist.] 1993) ............................. 7, 8, 9

*Duran v. State*, 163 S.W.3d 253 (Tex. App.—Fort Worth 2005) ......................................... 13, 16

*Fields v. State*, 500 S.W.2d 500 (Tex. Crim. App. 1973) ............................................................... 7

*Fox v. State*, 175 S.W.3d 475 (Tex. App.—Texarkana 2005) ...................................................... 8

*Garcia v. State*, 792 S.W.2d 88 (Tex. Crim. App. 1990) ...................................................... 12, 13

*Hanson v. State*, 180 S.W.3d 726 (Tex. App.—Waco 2005) ...................................................... 12

*Heidelberg v. State*, 144 S.W.3d 535 (Tex. Crim. App. 2004) ................................................... 16

*Hogan v. State*, __ S.W.3d __, 2013 WL 5728159 (Tex. App.--Houston [14th Dist.] 2013) .... 7, 9

*Johnson v. State*, 967 S.W.2d 410 (Tex.Crim.App. 1998) ..................................................... 13, 15

*King v. State*, 953 S.W.2d 266 (Tex.Crim.App. 1997) .......................................................... 13, 15

*Long v. State*, 770 S.W.2d 27 (Tex. App.--Houston [14th Dist.] 1989) ........................................ 9

*Long v. State*, 800 S.W.2d 545 (Tex. Crim. App. 1990) .............................................................. 12

*Michell v. State*, 381 S.W.3d 554 (Tex. App.— Eastland 2012) ................................................. 13

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) ............................................. 8, 10

*Moore v. State*, 233 S.W.3d 32 (Tex. App.—Houston [1st Dist.] 2007) ..................................... 11

*Nino v. State*, 223 S.W.3d 749 (Tex. App.—Houston [14th Dist.] 2007) ................................... 13

*Nixon v. State*, 14-14-00534-CR (Tex. App.--Houston [14th Dist.] 2014) ...................... 10, 15, 16

*Norris v. State*, 788 S.W.2d 65 (Tex. App.—Dallas 1990) .................................................. 12, 15

*Prince v. State*, 192 S.W.3d 49 (Tex. App.--Houston [14th Dist.] 2006) ...................................... 8

*Sanchez v. State*, 354 S.W.3d 476 (Tex. Crim. App. 2011) ................................... 11, 12, 14, 15

*Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008) .................................................... 13, 15

**Statutes**

Tex. Code Crim. Proc. art. 38.072 .................................................................................. 10, 11, 13

**Rules**

Tex. R. App. P. 33.1 .................................................................................................................... 13

Tex. R. App. P. 44.2 .............................................................................................................. 13, 15

Tex. R. Evid. 601 .......................................................................................................................... 7

Tex. R. Evid. 802 ........................................................................................................................ 10

Tex. R. Evid. 803 ........................................................................................................................ 10

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**JACOY NIXON**

*Petitioner,*

**VS.**

**THE STATE OF TEXAS**

*Respondent*

_____

Petition in Cause No. 12-05-05609-CR from the
9TH District Court of Montgomery County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION OF DISCRETIONARY REIVEW
TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS OF TEXAS**

Jacoy Nixon, petitions the Court to review the judgment affirming
his conviction for aggravated sexual assault of a child under six
in Cause No. 12-05-05609-CR

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would assist to resolve whether the trial court abused its discretion by finding the complainant competent to testify and in admitting the outcry statement under Article 38.072 of the Texas Code of Criminal Procedure.

## STATEMENT OF THE CASE

This is an appeal from the Trial Court's **JUDGMENT OF CONVICTION BY JURY** finding JACOY NIXON (hereinafter, "Appellant,"), GUILTY of the charge AGGRAVATED SEXUAL ASSAULT OF A CHILD UNDER AGE 6 and sentencing him to 41 YEARS TDCJ in Cause No. 12-05-05609-CR. (CLRK. REC. - 220). On May 22, 2012, a grand jury indicted Appellant for the felony offense of "intentionally or knowingly cause the penetration of the mouth of L.H., a child who was then and there younger than 14 years of age, by the defendant's sexual organ." (CLRK. REC. – 10). Appellant filed a NOTICE OF APPEAL on June 25, 2014. (CLRK. REC. – 235).

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming the petitioner's conviction on AUGUST 18, 2015. The Petitioner did not file a motion for rehearing. This petition was then filed with the clerk of the court of appeals within 30 days after the ruling.

## QUESTIONS PRESENTED FOR REVIEW

*Did the Trial Court abuse its discretion in finding that the complainant was competent to testify in this case?*

## REASON FOR REVIEW

As a general rule, a witness is presumed to be competent to testify. Tex. R. Evid. 601. A child is not competent to testify when, after an examination by the trial court, the child does not appear "to possess sufficient intellect to relate transactions with respect to which [the child is] interrogated." Tex. R. Evid. 601(a)(2); *Hogan v. State*, __ S.W.3d __, 2013 WL 5728159, at *1 (Tex. App.--Houston [14th Dist.] 2013, pet. filed).

When a party challenges the competency of a child witness, the trial court will consider whether the child witness possesses (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate the events. *See Hogan*, __ S.W.3d at __, 2013 WL 5728159, at *1. The third element involves the ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *See Id*. Although the child need not understand the "obligation of the oath," the trial court must impress the child with the duty to be truthful. *See Dufrene v. State,* 853 S.W.2d 86, 88 (Tex.App. —Houston [14 Dist.] 1993). There is no precise age under which a child is deemed incompetent to testify. *See Fields v. State*, 500 S.W.2d 500, 502-03 (Tex. Crim. App. 1973); *Clark v. State*, 659 S.W.2d

7

53, 55 (Tex. App.--Houston [14th Dist.] 1983, no pet.).

To preserve error on Confrontation Clause grounds, an objection must be made at trial as soon as the basis for the objection becomes apparent. *Prince v. State*, 192 S.W.3d 49, 58 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd). A trial court's determination of whether a child witness is competent to testify will not be disturbed on appeal absent an abuse of discretion. *Dufrene*, 853 S.W.2d at 88. An appellate court must review the child's responses to qualification questions as well as the child's entire testimony to determine whether the trial court's ruling on competency constituted an abuse of discretion. *Fox v. State*, 175 S.W.3d 475, 481 (Tex. App.—Texarkana 2005, pet. ref'd). A trial court does not abuse its discretion if its ruling was within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Appellant preserved the issue of competency on several occasions by filing a motion in limine, obtaining a ruling thereon, objecting to L.H.'s testimony on confrontational grounds during the 601 review, and finally, reurging the objection in his motion for a directed verdict. The error was therefore properly preserved. *Prince*, 192 S.W.3d at 58.

The complainant's answers and testimony in this case showed extreme conflict and confusion, and overall her testimony indicated insufficient accuracy in her recollection. *See Berotte v. State*, 992 S.W.2d 13, 17 (Tex. App.--Houston [1st

8

Dist.] 1997, pet. ref'd); *Long v. State*, 770 S.W.2d 27, 29 (Tex. App.--Houston [14th Dist.] 1989), rev'd on other grounds, 800 S.W.2d 545 (Tex. Crim. App. 1990). Appellant argues that the level of inconsistency in the complainant's responses and testimony about the events goes to her competency as opposed to her credibility. *See De Los Santos v. State*, 219 S.W.3d 71, 80-81 (Tex. App.--San Antonio 2006, no pet.).

Appellant points out that L.H. had difficulty remembering him and his step-mother, Chitra Johnson. When asked about the alleged offense during the examination and her testimony, she repeatedly stated that she did not remember, and gave conflicting answers when asked about the events in question. Finally, Appellant points out that the complaining witness had difficulty describing even recent events, as she initially answered in the negative when asked if she remembered discussing the events with the judge, which had occurred twice within the previous twenty-four hour period. (RR.IV – 55-56).

In light of the complainant's answers to the qualification questions and her testimony as a whole during the proceedings, the record demonstrates that she did not possess the ability to intelligently observe the events in question at the time of the occurrence, was not capable of recollecting the events, and was not capable of narrating the events. See *Hogan*, __ S.W.3d at __, 2013 WL 5728159, at *1-5; *Dufrene*, 853 S.W.2d at 88-89; *Long*, 770 S.W.2d at 29; *Clark*, 659 S.W.2d at 54-

9

55. Finally, because the record demonstrates that the complainant did not possess the requisite capacity to be competent to testify, the trial court's decision to admit that testimony is outside the zone of reasonable disagreement and is therefore an abuse of its discretion. *See Montgomery*, 810 S.W.2d at 391.

The Court of Appeals, however, held that the record as a whole reflected that the complainant knew the difference between a truth and a lie, understood questions, and responded intelligently. *Nixon v. State*, 14-14-00534-CR, at *6 (Tex. App.--Houston [14th Dist.] 2014). Further, the court opined that "[a]lthough some of the complainant's responses were inconsistent, overall she responded sufficiently and was able to convey to the jury the details of what occurred." *Id.* Therefore, the court held that the trial court did not abuse its discretion by finding that the complainant was competent to testify. *Id.*

### *Did the Trial Court abuse its discretion under Article 38.072 of the Texas Code of Criminal Procedure?*

### REASON FOR REVIEW

Hearsay statements are generally inadmissible unless permitted by statute or evidentiary rule. See Tex. R. Evid. 802, 803. Article 38.072 provides an exception to the hearsay rule by allowing evidence of an "outcry statement" by a child complainant younger than fourteen years old. See Tex. Code Crim. Proc. art. 38.072, § 2(a). When a defendant is charged with certain offenses against a child under the age of fourteen, article 38.072 allows into evidence the complainant's out-of-court

statement so long as that statement, is reliable, describes the alleged offense, and is offered into evidence by the first adult to whom the child made a statement about the offense. Id; *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011).

Article 38.072 has several requirements that must be met before an outcry witness may testify. See Tex. Crim. Proc. art. 38.072. At least fourteen days before trial, the State must notify the defendant of its intention to call an outcry witness and must provide the name of that witness. Id. The State must also provide a summary of the outcry statement that will be offered into evidence. Id. art. 38.072, § 2(b)(1)(C). The victim must either testify or be available to testify at the proceeding in court or in any other manner provided by law. Id. art. 38, 072, § 2(b)(3). And finally, outside the presence of the jury, the trial court must hold a hearing to determine whether the victim's out-of-court statement is "reliable" based on the "time, content, and circumstances of the statement." Id. art. 38.072, § 2(b)(2). The statute is mandatory, and the trial court commits error if it overrules a hearsay objection without first conducting the hearing. *Moore v. State*, 233 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no pet).

"To whom the child made a statement about the offense." Has been construed to mean that the proper outcry witness is the first adult person "to whom the child makes a statement that in some discernible manner describes the alleged offense … [T]he statement must be more than words which give a general allusion that

11

something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *see Castelan v. State*, 54 S.W.3d 469, 475 (Tex. App.—Corpus Christi 2001, no pet.). In other words, the proper outcry witness is the first adult, other than the accused, to whom the complainant told the "how, when, and where" of the offense. *Hanson v. State*, 180 S.W.3d 726, 729 (Tex. App.—Waco 2005, no pet.).

Further, the statute charges the trial court with determining the reliability based on "the time, content, and circumstances of the statement;" however, it does not charge the trial court with determining the reliability of the statement based on the credibility of the outcry witness. *Sanchez*, 354 S.W.3d at 487-488. The phrase, "time, content, and circumstances" refers to the time the child's statement was made to the outcry witness, the content of the child's statement, and the circumstances surrounding the making of that statement. *Broderick v. State*, 89 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Although courts have enumerated factors that may assist in ascertaining the reliability of an outcry statement, the focus of the inquiry must remain upon the outcry statement, not the abuse itself. *Norris v. State*, 788 S.W.2d 65 (Tex. App.—Dallas 1990, pet. ref'd).

A general hearsay objection is sufficient to preserve a claim under article 38.072. *See Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990). However, an appellant must also object on the basis of reliability to preserve a claim that the

statement fails that portion of the test under 38.072. See Tex. R. App. P. 33.1(a)(1); *Duran v. State*, 163 S.W.3d 253, 256 (Tex. App.—Fort Worth 2005, no pet.).

Once such an objection is made, a trial court's determination that an outcry statement is admissible under article 38.072 will not be overturned absent an abuse of discretion. *Nino v. State*, 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (*citing Garcia*, 792 S.W.2d at 92); *Michell v. State*, 381 S.W.3d 554, 558 (Tex. App.— Eastland 2012, no pet.).

Finally, reversal of a conviction due to the erroneous admission of hearsay testimony must follow if it is determined that the admission affected an appellant's substantial rights. See Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). A conviction should not be overturned for such error if this Court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

As demonstrated above, the complainant in this case was not competent to testify due to her inability to intelligently observe the events in question, to recollect the events, and to narrate the events. She was therefore not available to testify. See Tex. Crim. Proc. art. 38.072, § 2(b)(3). Because the requirements of 38.072 are

mandatory, it was clearly an abuse of discretion for the trial court to admit the outcry statement through the testimony of the complainant's mother. Appellant properly preserved this issue by pointing out that to the trial court that the statute required that the complainant be available to testify before the outcry statement could be admissible. (RR.III – 108).

Further, even if the complainant was competent to testify, the trial court erred in finding that the statement was reliable based on the "time, content, and circumstances." As stated above, it is reliability of the statement itself that is in question, and not the credibility of the outcry witness. *Sanchez*, 354 S.W.3d at 487-488. This issue was also properly preserved as defense counsel objected to the admissibility of the outcry statements during the multiple bench hearings.

In this case, the trial court heard the testimony of the outcry witness herself, as well as the complainant, outside the presence of the jury for the purposes of ruling on the admissibility thereof. However, the trial court did not examine the complainant regarding the circumstances of the outcry statement itself during either 38.072 examination before finding her credible and reliable. (RR.III – 108-109). Because the focus of the inquiry must remain upon the outcry statement, and not the abuse itself, the trial court abused its discretion by finding the statement to be reliable as it had not examined the complainant regarding the statement itself. *Norris*, 788

14

S.W.2d 65. Instead, the trial court determined the reliability of the statement based on the credibility of the outcry witness. *Sanchez*, 354 S.W.3d at 487-488.

Finally, reversal of this conviction due to the erroneous admission of hearsay testimony must follow as it is clear that the admission affected the Appellant's substantial rights. See Tex. R. App. P. 44.2(b); *Taylor*, 268 S.W.3d at 592. The error in this case had a substantial and injurious effect or influence in determining the jury's verdict, due to the fact that if the outcry statement had been excluded because to the complainant was not available to testify, or because the statement itself was unreliable, the evidence in this case would have been legally insufficient to support the conviction. *King*, 953 S.W.2d at 271. Because a review of the record as a whole clearly demonstrates that the error did in fact heavily influence the jury, reversal should follow. *Johnson*, 967 S.W.2d at 417.

The Court of Appeals, however, held that the appellant had failed to object to the outcry statement's reliability based on the circumstances, and therefore did not properly preserve the error for review. *Nixon*, 14-14-00534-CR, at *10. According to the court of appeals, appellant had an opportunity to request that the trial court question the complainant regarding the circumstances in which she first outcried to her mother, but instead chose to object to the hearing based on the complainant's competency under Rule 601. *Id.* at 9.

Moreover, the court of appeals did not find an objection, from appellant, to

15

the reliability of the outcry statement based on the circumstances surrounding the statement, nor did it believe that the appellant's grounds for objection were so obvious that the court would be put on notice. *Id.* Finally, the court of appeals noted that the trial court gave both parties an opportunity to suggest questions to determine the reliability of the outcry statement during the hearing, and that "Appellant's only proffered questions related to the complainant's ability to recollect, which is an element of Rule 601." *Id.* (*citing Duran*, 163 S.W.3d at 256; *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004)).

## PRAYER FOR RELIEF

ACCORDINGLY, this Court should GRANT this PETITION FOR DISCRETIONARY REVIEW and ORDER briefs on the merits to answer the question of whether the evidence against the Petitioner was legally sufficient to support his conviction.

Petitioner further prays for all relief to which he may be entitled.

Respectfully submitted,

_____
TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR PETITIONER

16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PETITION FOR

DISCRETIONARY REVIEW was delivered to the MONTGOMERY County

District Attorney's Office by CERTIFIED MAIL on SEPTEMBER 18, 2015

_____
TOM ABBATE

**CERTIFICATE OF COMPLIANCE**

I hereby certify that there are 3,399 words contained in this document.

_____
TOM ABBATE

# APPENDIX

**Affirmed and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00534-CR

**JACOY NIXON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-05-05609-CR**

### M E M O R A N D U M   O P I N I O N

Appellant Jacoy Nixon was convicted of aggravated sexual assault of a child. Following a jury trial, appellant was found guilty and the jury assessed punishment at forty-one years in prison. In two issues, appellant contends that the trial court abused its discretion by (1) finding that the complainant was competent to testify; and (2) allowing an outcry witness to testify at trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainant was four years old at the time of the offense alleged to have occurred on or about December 17, 2011. The complainant's mother asked appellant's step-mother if she could babysit the complainant for the weekend. Appellant's step-mother is also the complainant's godmother. Because appellant's step-mother was working a weekend shift at a nursing home, appellant agreed to watch the complainant for the weekend. The complainant's mother dropped the complainant off at the appellant's apartment on Friday night and picked her up Sunday evening.

The complainant's first outcry came the following Monday when her mother picked her up from their neighbor's apartment. The complainant told her mother that she did not want to go to her godmother's house anymore because appellant put his private area in her mouth. The complainant further stated that appellant threatened her and said she would be in trouble if she told anyone. After the police investigation began, the complainant was evaluated and received counseling at Children's Safe Harbor.

On May 22, 2012, appellant was indicted for aggravated sexual assault of a child under the age of six. *See* Tex. Penal Code § 22.021(a)(1)(B). Appellant pleaded not guilty to the offense. Pursuant to Article 38.072 of the Texas Code of Criminal Procedure, the State provided appellant with notice of its intent to use the complainant's hearsay statements made to her mother and the forensic interviewer. The trial court conducted a hearing outside the presence of the jury to determine who the outcry witness would be and whether the outcry statement was reliable. The trial court held that the outcry statement was reliable and that the complainant's mother could testify as the outcry witness. The trial court also conducted a hearing to determine whether the complainant was competent to

2

testify. The complainant stated where she went to school, what games she had played the previous day, and what television show she was watching on the day of the incident. The trial court found the complainant competent to testify.

The complainant testified during the guilt-innocence phase of trial. The complainant stated that she was watching television in the appellant's room when the appellant entered. When she asked appellant for a fruit snack, he covered her eyes tightly with a black scarf and told her to open her mouth. The complainant described the appellant putting his "pee-pee" in her mouth. The complainant's statements were further corroborated by testimony from other witnesses at trial.

On June 23, 2014, a jury found appellant guilty and assessed punishment at forty-one years in prison.

ISSUES AND ANALYSIS

Appellant contends that the trial court abused its discretion by finding that the complainant was competent to testify. Appellant also contends that the trial court abused its discretion by admitting the outcry statement because (1) the complainant was unavailable to testify; and (2) the trial court failed to review the reliability of the outcry statement.

I.    Competency

In his first issue, appellant contends that the complainant was not competent to testify because she provided inconsistent testimony.

We review a trial court's competency determination for an abuse of discretion. *Dufrene v. State*, 853 S.W.2d 86, 88 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). To determine whether the trial court abused its discretion, we must review the complainant's responses to qualification questions as well as the entire testimony. *Berotte v. State*, 992 S.W.2d 13, 17 (Tex. App.—Houston [1st

Dist.] 1997, pet. ref'd). A trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Generally, every witness is presumed competent to testify. Tex. R. Evid. 601(a). A child is not competent to testify when, after an examination by the trial court, the child does not appear "to possess sufficient intellect to relate transactions with respect to which [the child is] interrogated." *Hogan v. State*, 440 S.W.3d 211, 213 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). There is no precise age under which a child is deemed incompetent. *Fields v. State*, 500 S.W.2d 500, 502 (Tex. Crim. App. 1973). When a party challenges the competency of a child witness, the trial court will consider whether the complainant possesses the (1) ability to intelligently observe the events in question at the time of the occurrence; (2) capacity to recollect the events; and (3) capacity to narrate the events. *Hogan*, 440 S.W.3d at 213–14. The third element involves the witness's ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *Id.* at 214. While the child no longer needs to understand the "obligation of the oath," the trial court must impress the child with the duty to be truthful. *Dufrene*, 853 S.W.2d at 88. A child is usually deemed competent if she can tell the difference between a truth and a lie. *Sumner v. State*, 503 S.W.2d 773, 774–75 (Tex. Crim. App. 1974).

The complainant demonstrated during the two hearings and guilt-innocence phase of trial her ability to intelligently observe the events in question at the time of the occurrence. The complainant was able to point out and identify the appellant during trial. The complainant testified that appellant used a black scarf to cover her eyes and that appellant's pants did not stay on while he was in the room with her. The complainant pointed out what part of the appellant's body entered her mouth via a diagram and described it as his "pee-pee." The complainant's memory of

4

details from the event was clearly reflected in her testimony.

The complainant recalled sufficient details about the event that were corroborated by the other witnesses' testimonies. The complainant remembered watching Spongebob on Nicktoons while at appellant's apartment. The complainant remembered sitting on appellant's bed while she watched television in his room. Although she did not remember where her mother was, the complainant remembered that appellant's step-mother was at work during the weekend. The complainant recalled appellant doing something that made her angry and that he had tied a scarf over her eyes very tight. The complainant was able to recollect and describe the sequence of events in question.

The complainant was able to express the difference between a truth and a lie during both the competency hearing and at trial. During the competency hearing, the trial court asked the complainant if she was sitting in a green chair and if it was raining and dark outside. The complainant responded that she was sitting in a red chair and that it was light outside. The complainant also affirmatively acknowledged the responsibility to tell the truth while giving her testimony. *Clark v. State*, 659 S.W.2d 53, 54–55 (Tex. Crim. App. 1983) (holding that three-year-old witness was competent because she stated that she would get a 'spanking' if she did not tell the truth).

The complainant understood the questions being asked and responded sufficiently given her age. The complainant responded several times with head gestures and hand signals and was able to respond best with leading questions. *See Berotte*, 992 S.W.2d at 17 (holding that the complainant was competent even though she gave inconsistent answers, shrugged a lot, and was only able to respond with leading questions because she was able to answer accurately her age, where she went to school, and her name). Although the complainant gave inconsistent

5

responses, she was able to correctly state her name, age, and where she went to school.

Appellant argues that the complainant's inconsistent testimony reflects on her competency or lack thereof. However, "inconsistencies alone in a child's testimony" do not render the child incompetent. *Fields*, 500 S.W.2d at 503. Confusing and inconsistent responses from a child are not reasons to determine she is incompetent to testify; rather, they speak to the credibility of her testimony. *See Berotte*, 992 S.W.2d at 17. Further, a witness's age and the form of questions should be taken into account when reviewing inconsistencies. *Fields*, 500 S.W.2d at 503. Here, appellant re-phrased several questions not related to the alleged offense in order to illicit contradicting responses from the complainant. The result was that where the complainant initially responded affirmatively, she subsequently gave contradicting answers or stated that she did not know. Appellant's references to the complainant's alleged inconsistent responses were not directly related to the alleged offense or intentionally misleading, and only serve to affect her credibility. *See Clark*, 659 S.W.2d at 55 (noting that although the witness had difficulty answering many questions on collateral matters, her testimony about the alleged sexual offense was clear).

The record as a whole reflects that the complainant knew the difference between a truth and a lie, understood questions, and responded intelligently. Although some of the complainant's responses were inconsistent, overall she responded sufficiently and was able to convey to the jury the details of what occurred. The trial court did not abuse its discretion by finding that the complainant was competent to testify.

We overrule appellant's first issue.

6

## II. Outcry Statement

In his second issue, appellant contends that the mother was not a proper outcry witness because the complainant effectively was not available to testify due to her incompetency. Alternatively, appellant argues that even if the complainant was deemed competent, the trial court did not review the circumstances of the outcry statement to determine its reliability.

We review reliability of outcry statements for an abuse of discretion. *Torres v. State*, 424 S.W.3d 245, 257 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). A trial court's findings will be upheld when they are supported by the evidence, and a trial court has broad discretion in determining the admissibility of such evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). We will reverse a trial court's reliability determination only if it is outside the zone of reasonable disagreement. *Shaw v. State*, 329 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Under Article 38.072 of the Texas Code of Criminal Procedure, some hearsay statements are admissible in prosecuting certain offenses, including aggravated sexual assault of a child. Tex. Code Crim. Proc. art. 38.072, § 1. Although the terms do not appear in the statute, the victim's out-of-court statement is commonly known as an "outcry," and an adult who testifies about the outcry is commonly known as an "outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The statute applies to statements that describe the alleged offense and that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. art. 38.072, § 2(a). A statement that meets these requirements is not inadmissible because of the hearsay rule if, among other things,

7

the trial court finds, in a hearing outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2); *Torres*, 424 S.W.3d at 258−59. The provisions of Article 38.072 are mandatory and must be followed for the outcry statement to be admissible over a hearsay objection. *Moore v. State*, 233 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

### A. The Complainant was available to testify

Appellant contends that the trial court abused its discretion by allowing the mother to testify as an outcry witness because the complainant was not available to testify due to her incompetency. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(3) (requiring that the child must be available to testify for statement to be admissible). As we discussed above, the complainant was competent to testify. Thus, we reject appellant's argument that the complainant was unavailable to testify because of her competency. Further, the complainant was available to testify because she testified at the guilt-innocence phase of trial.

### B. Appellant did not preserve error for review based on the reliability of the outcry statement

Appellant also argues that the trial court abused its discretion by admitting the outcry statement because the trial court did not find the outcry statement reliable based on the time, content, and circumstances.

Because preservation of error is a systematic requirement on appeal, a court of appeals should review preservation of error regardless of whether the issue was raised by the parties. *See Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). The purpose of requiring an objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection. *Id.*

8

For a complaint to be presented on appeal, a timely request, objection, or motion must have been made to the trial court which states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a)(1); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. *Id.* at 464.

Appellant contends that he properly preserved his objection to the reliability of the outcry statement. Appellant argues that he made timely specific objections at the outcry witness hearing, in several motions, and in his request for a directed verdict.

During the outcry witness hearing, appellant had an opportunity to request that the trial court question the complainant regarding the circumstances in which she first outcried to her mother. Appellant, however, objected to the hearing based on the complainant's competency under Rule 601. Nowhere in the record does the appellant object to the reliability of the outcry statement based on the circumstances surrounding the statement. Neither are the appellant's grounds for objection so obvious that the court would be put on notice. Additionally, the trial court gave both parties an opportunity to suggest questions to determine the reliability of the outcry statement during the hearing. Appellant's only proffered questions related to the complainant's ability to recollect, which is an element of Rule 601. *See Duran v. State*, 163 S.W.3d 253, 256 (Tex. App.—Fort Worth 2005,

9

26

no pet.) (holding that appellant failed to preserve error because he "did not object to the outcry statement or to the mother testifying to that statement on the basis of reliability"); *see also Heidelberg*, 144 S.W.3d at 542–43 (holding that error was not preserved in part due to counsel's failure to cite to the state constitution or even specify that he was objecting to post-arrest silence). Because appellant failed to object to the outcry statement's reliability based on the circumstances, appellant did not properly preserve the error for review.

We overrule appellant's second issue.

## CONCLUSION

We overrule appellant's issues and affirm the judgment of the trial court.

/s/    Ken Wise
       Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

10